**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| ALICIA JOHNSON and JARROD JOHNSON, | |
| *Plaintiffs*, | |
| v. | Civil Action No.: 2:24-cv-00654 |
| NAVY FEDERAL CREDIT UNION FOUNDATION, | |
| *Defendant*. | |

**NOTICE OF REMOVAL**

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA:**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Navy Federal Credit Union Foundation (hereinafter referred to as "Navy Federal" or "Defendant") hereby removes this action from the Norfolk General District Court, 150 Saint Paul's Blvd., Room 3202, Norfolk, Virginia, Case No. GV24021057-00, to the United States District Court for the Eastern District of Virginia, Norfolk Division. Removal is proper because this Court has federal question jurisdiction over the action. *See* 28 U.S.C. § 1331. In support of its Notice of Removal, Navy Federal states the following:

## I.   BACKGROUND

1.   On or about October 21, 2024, Plaintiffs Alicia Johnson and Jarrod Johnson ("Plaintiffs") filed a Complaint against Navy Federal in the Norfolk General District Court, 150 Saint Paul's Blvd., Room 3202, Norfolk, Virginia, Case No. GV24021057-00 (the "Complaint").

2.   The Complaint alleges violations of the Electronic Fund Transfer Act, 15 U.S.C. § 1693.

3.    In accordance with 28 U.S.C. §1446(a), attached as Exhibit A is a complete copy of all process, pleadings, and orders served upon Navy Federal in such action.

4.    Navy Federal denies the allegations in the Complaint and denies that Plaintiffs have stated a claim for which relief may be granted.  Nevertheless, assuming for jurisdictional purposes only that Plaintiffs' claims are valid, Plaintiffs could have originally filed the Complaint in this Court under federal question jurisdiction because resolution of Plaintiffs' claims will require determination of significant disputed issues under federal law.

## II.    FEDERAL QUESTION JURISDICTION

5.    This Court has original jurisdiction over Plaintiffs' Electronic Fund Transfer Act claim pursuant to 28 U.S.C. § 1331, which states that federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States."

6.    Removal of this action is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7.    Federal question jurisdiction exists over this action because the allegations asserted by Plaintiffs in the Complaint involve questions that will require resolution of significant, disputed issues arising under federal law.  This case qualifies for federal question jurisdiction and is removable because Plaintiffs allege claims under, and requires a ruling on, the Electronic Fund Transfer Act.

8.      Pursuant to 28 U.S.C. § 1441(b), removal is proper irrespective of the citizenship or residences of the parties.

### III.   PROCEDURAL REQUIREMENTS

8.      Navy Federal files this Notice of Removal within one (1) year of the date of the commencement of the action for removal purposes.  Accordingly, the action is timely removed pursuant to 28 U.S.C. § 1446(c)(1).

9.      Navy Federal has not yet been served with a copy of the Complaint.  This Notice of Removal has been filed within thirty (30) days of the filing of the Complaint and within the time limits prescribed by 28 U.S.C. § 1446(b)(1).

10.     Pursuant to 28 U.S.C. § 1446(b)(2)(A) there are no additional defendants who must consent to removal because Navy Federal is the only defendant.

### IV.   VENUE

11.     Venue is proper in this Court because this district encompasses the Norfolk General District Court, Norfolk, Virginia, the forum from which the case has been removed. *See* 28 U.S.C. § 1441.

### V.   NOTICE

12.     Pursuant to the provision of 28 U.S.C. §1446(d), Navy Federal will promptly file a copy of this Notice of Removal with the clerk of the Norfolk General District Court, Norfolk, Virginia, and will serve a copy upon Plaintiffs, a copy of which is attached hereto as Exhibit B.

13.     Upon information and belief, the contents of Exhibit A and Exhibit B constitute the entire file of the action pending in the state court as required pursuant to 28 U.S.C. § 1446(a).

14.    As of the date of this removal, Navy Federal has not filed a responsive pleading to the Complaint.  Navy Federal reserves all rights to assert any and all defenses to the Complaint and further reserves the right to amend or supplement this Notice of Removal.

15.    Navy Federal reserves the right to amend this Notice of Removal.

16.    If any questions arise as to the propriety of the removal of this action, Navy Federal requests the opportunity to present a brief and argument in support of its position that this case is removable.

## VI.    **CONCLUSION**

WHEREFORE, having met all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all the jurisdictional requirements of 28 U.S.C. § 1331, Defendant Navy Federal Credit Union Foundation hereby removes the above-captioned action from the Norfolk General District Court, Norfolk, Virginia, and seeks whatever further relief this Court deems equitable and just.

Respectfully submitted:

Dated: November 6, 2024

By: */s/ David M. Gettings*
David M. Gettings (Bar No. 80394)
Amanda K. Blackmon (Bar No. 87326)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, VA 23462
Telephone: 757.687.7577
Facsimile: 757.687.7510
dave.gettings@troutman.com
amanda.blackmon@troutman.com

*Attorney for Navy Federal Credit Union Foundation*

## CERTIFICATE OF SERVICE

I certify that on November 6, 2024, I caused to be filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF electronic filing system and sent via Federal Express to the Plaintiffs' counsel of record:

Adam W. Short
Consumer Litigation Associates
763 J. Clyde Morris Blvd., Suite 1A
Newport News, Virginia 23601

By: */s/ David M. Gettings*
David M. Gettings (Bar No. 80394)
*Attorney for Navy Federal Credit Union Foundation*

303308682